UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.N.,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 2:17-cv-07560-SHK<br><br>OPINION AND ORDER |

Plaintiff T.N.[1] ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner" or the "Agency") denying her application for disability insurance benefits ("DIB") and disabled widow's benefits ("DWB"), under Title II of the Social Security Act (the "Act"). This Court has jurisdiction, under 42 U.S.C. § 405(g), and, pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of the undersigned United States Magistrate Judge. For the reasons stated below, the

---

[1] The Court substitutes Plaintiff's initials for Plaintiff's name to protect Plaintiff's privacy with respect to Plaintiff's medical records discussed in this Opinion and Order.

Commissioner's decision is REVERSED and this action is REMANDED for further proceedings consistent with this Order.

## I. BACKGROUND

Plaintiff applied for DIB on December 11, 2013, and DWB on December 16, 2013, alleging disability beginning on April 25, 2012. Transcript ("Tr.") 158-66; 167-70.[2] Following a denial of benefits, Plaintiff requested a hearing before an administrative law judge ("ALJ") and, on March 21, 2016, ALJ Lawrence D. Wheeler determined that Plaintiff was not disabled. Tr. 20-29. Plaintiff sought review of the ALJ's decision with the Appeals Council, however, review was denied on August 16, 2017. Tr. 1-6. This appeal followed.

## II. STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on correct legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and internal quotation marks omitted). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

"'When evidence reasonably supports either confirming or reversing the ALJ's decision, [the Court] may not substitute [its] judgment for that of the ALJ.'" Ghanim v. Colvin, 763 F.3d 1154, 1163 (9th Cir. 2014) (quoting Batson, 359 F.3d at 1196); see also Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) ("If the

---

[2] A certified copy of the Administrative Record was filed on March 20, 2018. Electronic Case Filing Number ("ECF No.") 16. Citations will be made to the Administrative Record or Transcript page number rather than the ECF page number.

2

ALJ's credibility finding is supported by substantial evidence in the record, [the Court] may not engage in second-guessing.") (citation omitted). A reviewing court, however, "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." Stout v. Comm'r Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006) (citation omitted). Finally, a court may not reverse an ALJ's decision if the error is harmless. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Shinseki v. Sanders, 556 U.S. 396, 409 (2009).

### III. DISCUSSION

#### A. Establishing Disability Under The Act

To establish whether a claimant is disabled under the Act, it must be shown that:

> (a) the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and
>
> (b) the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)). "If a claimant meets both requirements, he or she is 'disabled.'" Id.

The ALJ employs a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a). Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-disabled' at any step

in the sequence, there is no need to consider subsequent steps." Tackett, 180 F.3d at 1098; 20 C.F.R. § 404.1520. The claimant carries the burden of proof at steps one through four, and the Commissioner carries the burden of proof at step five. Tackett, 180 F.3d at 1098.

The five steps are:

Step 1. Is the claimant presently working in a substantially gainful activity [("SGA")]? If so, then the claimant is "not disabled" within the meaning of the [] Act and is not entitled to [DIB]. If the claimant is not working in a [SGA], then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. See 20 C.F.R. § 404.1520(b).

Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to [DIB]. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. See 20 C.F.R. § 404.1520(c).

Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to [DIB]. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. See 20 C.F.R. § 404.1520(d).

Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to [DIB]. If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and

the evaluation proceeds to the fifth and final step. See 20 C.F.R. § 404.1520(e).

Step 5. Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to [DIB]. See 20 C.F.R. § 404.1520(f)(1). If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that claimant can do. There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")], or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitled to [DIB]. See 20 C.F.R. §§ 404.1520(f), 404.1562. If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to [DIB]. See id.

Id. at 1098-99.

### B. Summary Of ALJ's Findings

The ALJ determined that "[Plaintiff] met the disability insured status requirements on her alleged onset date of April 25, 2012, and continues to meet them through the date of this decision." Tr. 28. The ALJ also determined that "[t]he proscribed period for establishing widow's 'disability' extends beyond the date of th[e] decision." Id. The ALJ then found at step one, that "[Plaintiff] has not engaged chargeable in [SGA] since April 25, 2012." Id. At steps two and three, the ALJ found that:

[Plaintiff] has the 'severe' impairments of bilateral carpel tunnel syndrome; degenerative disc disease of the lumbar spine; degenerative disc disease of the cervical spine; rotator cuff tendonitis of the right shoulder and status post trigger finger/thumb release, left hand, but

5

does not have an impairment or a combination of impairments that
meets or equals in severity an impairment listed at Appendix 1."

Id.

In preparation for step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") "for a full range of light work as compromised in the following respects: frequent gripping and fine manipulation of the hands and occasional overhead work, right side." Id. The ALJ then found, at step four, that "[Plaintiff's] limitations do not preclude her from performing her past relevant work as [an] electronics assembler (as generally performed in the national economy." Id. The ALJ, therefore, found that "[Plaintiff] has not been under a disability, within the meaning of the . . . Act, at any time through [March 21, 2016,] the date of th[e] decision." Tr. 29 (internal quotation marks omitted).

**C.     Issue Presented**

In this appeal, Plaintiff raises only one issue: "[w]hether the ALJ properly considered the medical opinion evidence of record." ECF No. 21, Joint Stipulation at 4. Specifically, Plaintiff argues that the ALJ violated the "treating physician rule" by "not giv[ing] proper consideration" to the opinions of her two treating physicians, Drs. Lesin and Moheimani, or to the opinion of her examining physician, Dr. Miller. Id. at 10, 12. Plaintiff takes specific issue with the ALJ's finding that she had "'no significant limitations'" in her ability to perform "repetitive grasping and crimping." Id. at 9 (quoting Tr. 26). Plaintiff argues that the ALJ appears to have improperly adopted the opinion of the consultative examiner ("CE"), Dr. Kumar, who opined that Plaintiff "could engage in frequent gripping and fine manipulative activities with both hands[,]" over the more restrictive opinions of her treating and examining physicians, Drs. Lesin, Moheimani, and Miller. Id. at 5 (citing Tr. 587).

Plaintiff notes that Drs. Lesin, Moheimani, and Miller opined throughout the record that Plaintiff could perform no repetitive gripping or grasping with either

6

hand, no crimping, no forceful gripping or grasping, no repetitive wrist motions, and that Dr. Moheimani opined that she "could use her right hand occasionally for reaching, handling, and fingering." Id. at 6-8 (citing Tr. 294, 615, 628, 631, 639, 652, 655, 700). Plaintiff argues that "the ALJ erred in conflating no repetitive grasping" as her treating and examining physicians found, "as permitting frequent grasping" in the RFC. Id. at 17.

### 1. Defendant's Response

Defendant argues that "[t]he ALJ properly considered the medical evidence of record and substantial evidence supports his decision." Id. at 12. Defendant adds that "the ALJ properly considered and gave weight to the [CE]" whose "opinion provided substantial evidence upon which the ALJ based his opinion." Id. at 15-16. Defendant also argues that to the extent Plaintiff asserts that the ALJ erred by incorrectly interpreting Plaintiff's doctors' opinions into functional limitations in the RFC assessment, Plaintiff is "merely asking for an alternative interpretation of the evidence" and "[p]recedent is clear that if evidence is susceptible to more than one rational interpretation, the decision of the ALJ must be upheld." Id. at 16 (citation and internal quotation marks omitted).

### 2. ALJ's Consideration Of Medical Evidence

With respect to Dr. Lesin's opinion, the ALJ observed that throughout March and May 2013, and April 2015, Dr. Lesin opined that Plaintiff could not lift over ten pounds, could not perform repetitive gripping, grasping, or crimping, and after reviewing a description of Plaintiff's previous work duties, Dr. Lesin "ruled out [Plaintiff's] regular work." Tr. 24 (citing Tr. 294, 296, 301). The ALJ observed, however, that Plaintiff "had surgery in January 2013 with good results[,]" and found that "[g]iving [sic] this history, it appears . . . that Dr. Lesin overstates the restrictions warranted by March 2013 . . . ." Tr. 25.

With respect to Drs. Moheimani and Miller's opinions, the ALJ discussed and weighed their opinions together. Specifically, with respect to Dr. Miller, the

7

ALJ observed that in September 2014, Dr. Miller assessed "best grip strengths of 10 pounds bilaterally[,] . . . no pushing, pulling, or lifting over 10 pounds, [and] no repetitive . . . gripping[] and grasping movements . . . ." Id. (citing Tr. 593-616).

With respect to Dr. Moheimani, the ALJ observed that in May 2013, Dr. Moheimani "reported mildly reduced range of motion of the wrists, . . . best bilateral grip of 10 pounds[,]" and limited Plaintiff to "no pushing, pulling, or lifting more than 10 pounds, . . . [and] no forceful gripping or grasping or repetitive motion with the wrist." Tr. 25-26 (citing Tr. 691-92, 694). The ALJ noted that follow-up reports from Dr. Moheimani in June, July, and August 2013, and February 2014, "offer[ed] similar assessments." Tr. 26 (citing Tr. 642, 656, 659, 660, 666). The ALJ also observed that in October 2014, Dr. Moheimani issued a report "recommending lifting no more than 10 pounds, no forceful gripping or grasping[,] and no repetitive wrist motions." Id. (citing Tr. 632-39). Finally, the ALJ observed that in November 2014, Dr. Moheimani again "limited [Plaintiff] to [lifting] 10 pounds, to occasional reaching, handling and fingering with the right hand, while also indicating that [Plaintiff] has no significant limitations with reaching, handling or fingering." Id. (citing Tr. 696-701).

The ALJ found that "[b]ased on the cumulative medical and lay evidence, . . . the assessments of Drs. Miller and Moheimani . . . limiting [Plaintiff] to 10 pounds are not warranted and [the ALJ] rejects them." Tr. 27. The ALJ found that "[o]n the other hand, [the ALJ] does concur with these assessments insofar as they support a limit to frequent gripping and manipulation with the hands. For our purpose, frequent means 1/3 to 2/3 of the workday." Id. The ALJ added that, the opinion of consultative examiner, Dr. Kumar, "best captures the then existing and subsequent evidence in limiting [Plaintiff] to frequent maneuvers." Id.

**D.      Standard To Review ALJ's Analysis Of Medical Opinions**

There are three types of medical opinions in Social Security cases: those from treating physicians, examining physicians, and non-examining physicians.

8

Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 692 (9th Cir. 2009) (citation omitted). "The medical opinion of a claimant's treating physician is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record.'" Trevizo v. Berryhill, 871 F.3d 664, 675 (9th Cir. 2017) (quoting 20 C.F.R. § 404.1527(c)(2)). "When a treating physician's opinion is not controlling, it is weighted according to factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record, and specialization of the physician." Id. (citing 20 C.F.R. § 404.1527(c)(2)–(6)).

"'To reject [the] uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence.'" Id. (quoting Ryan v. Comm'r Soc. Sec. Admin., 528 F.3d 1194, 1198 (9th Cir. 2008)). "This is not an easy requirement to meet: 'the clear and convincing standard is the most demanding required in Social Security cases.'" Garrison v. Colvin, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting Moore v. Comm'r Soc. Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002)).

"'If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence.'" Trevizo, 871 F.3d at 675 (quoting Ryan, 528 F.3d at 1198). "This is so because, even when contradicted, a treating or examining physician's opinion is still owed deference and will often be 'entitled to the greatest weight . . . even if it does not meet the test for controlling weight.'" Garrison, 759 F.3d at 1012 (quoting Orn v. Astrue, 495 F.3d 625, 633 (9th Cir. 2007)). "'The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his

interpretation thereof, and making findings.'" Trevizo, 871 F.3d at 675 (quoting Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).

### E. ALJ's Decision Is Not Supported By Substantial Evidence

Here, the ALJ adopted Drs. Miller and Moheimani's opinions "insofar as they support a limit to frequent gripping and manipulation with the hands[,]" when he found that Plaintiff can perform "frequent gripping and manipulation with the hands[,] . . . mean[ing] 1/3 to 2/3 of the workday." Tr. 27. Drs. Miller and Moheimani, however, did not opine that Plaintiff could perform frequent gripping and manipulation with her hands. Rather, Dr. Moheimani opined that Plaintiff could only "[o]ccasionally (up to 1/3)" of the day "reach, handle, or finger with her right hand." Tr. 700.

Accordingly, because Plaintiff's treating doctor opined that Plaintiff could only reach, handle, or finger with her right hand occasionally—for up to one third of the day—and the ALJ incorrectly translated this evidence as being consistent with, and supporting, a finding that Plaintiff could frequently—for up to two thirds of the day—perform manipulation with both hands, the Court finds that the ALJ's RFC finding that Plaintiff can perform frequent manipulation with both hands is not supported by substantial evidence. See 20 C.F.R. § 404.1545 (the RFC is the maximum a claimant can do despite her limitations); see also Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008) (the ALJ is responsible for resolving conflicts in the medical testimony and translating the claimant's impairments into concrete functional limitations in the RFC).

The ALJ's observation that Dr. Moheimani "also indicat[ed] that [Plaintiff] has no significant limitations with reaching, handling or fingering[,]" does not disturb this finding. Tr. 26 (citing Tr. 696-701). An inspection of the record reveals that Dr. Moheimani never proffered such an opinion with respect to Plaintiff's right hand, and only opined as such with respect to Plaintiff's left hand. Tr. 700. Therefore, the Court finds that remand is appropriate so that the Agency

may determine Plaintiff's RFC to perform gripping and fine manipulation of the hands, in light of Dr. Moheimani's aforementioned opinion.

Because the Court already remands as to the previous issue, the Court reserves judgment as to the disputed conflict between the ALJ's RFC finding that Plaintiff can perform frequent manipulation with both hands, and Drs. Moheimani and Miller's repeated opinions that Plaintiff can perform no repetitive gripping, grasping, or wrist movements, and "no forceful gripping or grasping" throughout their longitudinal treatment of Plaintiff. Tr. 615, 628, 638, 639, 644, 648, 652, 655, 659, 663, 668, 672, 677, 681, 687, 694. However, because this evidence is relevant to Plaintiff's RFC to perform gripping and fine manipulation of the hands, and it supports Dr. Moheimani's opinion that Plaintiff can only occasionally reach, handle, or finger with her right hand, the Agency shall reconsider this evidence on remand in light of Dr. Moheimani's opinion that the ALJ misinterpreted. Tr. 700.

## IV. CONCLUSION

Because the Commissioner's decision is not supported by substantial evidence, IT IS HEREBY ORDERED that the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). See Garrison, 759 F.3d at 1009 (holding that under sentence four of 42 U.S.C. § 405(g), "[t]he court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner . . . , with or without remanding the cause for a rehearing.") (citation and internal quotation marks omitted).

IT IS SO ORDERED.

DATED: 9/26/2018

HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge